UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERRY J. MEEKS,

    Plaintiff,

v.                                       Case No. 11-C-0054

DR. DALIA SULIENE,

    Defendant.

ORDER

In this pro se civil rights action, Plaintiff Jerry Meeks, a state prisoner serving a sentence, claims that he was subjected to cruel and unusual punishment as a result of deliberate indifference to his serious medical needs by prison medical personnel. Specifically, Meeks alleges that the defendants delayed removing a bullet from his leg for ten years, causing him pain and suffering. Presently before the Court is a letter from Plaintiff, Docket 59, inquiring as to whether the Court will appoint a medical expert in this case. Plaintiff's request will be denied for the reasons set forth herein.

An indigent plaintiff in a civil case does not have a right to a court-appointed expert at public expense. The court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed, and may request the parties to submit nominations. F.R.E. 706(a). The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection. *Id.*; *see also Ex parte Peterson*, 253 U.S. 300 (1920). The court's abilities in this area have long been discretionary. Trial courts are afforded great deference in their decisions pertaining to the appointment of expert witnesses and judges are allowed to appoint an expert of their own choosing. *See, e.g.*, *Scott v. Spanjer Bros., Inc.*,

298 F.2d 928 (2d Cir. 1962); *Danville Tobacco Assn. v. Bryant-Buckner Associates, Inc.*, 333 F.2d 202 (4th Cir. 1964).

Plaintiff has already submitted paperwork from an attorney considering taking his case, Docket 52, which states that the attorney consulted with a medical expert to determine whether the defendants' failure to remove the bullet earlier constituted either malpractice or deliberate indifference. Based on the consultation, the attorney advised the plaintiff that liability was doubtful. It is also noteworthy that the only compensatory damages plaintiff could recover would be for pain and suffering. As an inmate in the Wisconsin prison system, his medical care has been provided at public expense and he has no wage loss. Moreover, because he reports that his pain has continued even after the bullet was removed, the question arises whether the pre-surgery pain he complains of was caused by the presence of the bullet.

Under these circumstances, I conclude that this is not a case that warrants the exercise of the court's discretion to appoint a medical expert. Expert witnesses and consultants are generally retained in civil litigation by attorneys who are willing to invest their own money in a case they have carefully appraised. Where an attorney has evaluated and refused to take a case because he concludes the risk of prevailing is doubtful, it makes little sense for the court to appoint an expert of its own. The public should not be required to pay for the expense of a medical expert when the medical documentation already on the record suggests serious weaknesses in the strength of the plaintiff's medical evidence. The request, Docket 59, is accordingly DENIED.

Dated this   6th   day of October, 2011.

          s/ William C. Griesbach
          William C. Griesbach
          U.S. District Judge