UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERRY J. MEEKS,

        Plaintiff,

v.                                                    Case No. 11-C-0054

DR. DALIA SULIENE, DR. GAANAN,
and DR. MONESE,

        Defendants.

**DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION**

      Plaintiff Jerry J. Meeks, a prisoner serving a sentence in a Wisconsin prison, filed an action under 42 U.S.C. § 1983 alleging a violation of the Eighth Amendment for deliberate indifference by prison health care personnel in delaying to remove a bullet lodged in Meeks' leg from a previous shooting. Before me now are two related motions. First, Meeks, now represented by counsel, moves for reconsideration of my order (ECF No. 87) granting summary judgment in favor of Dr. Gaanan and Dr. Monese on the ground that Meeks failed to exhaust his administrative remedies. Second, Dr. Suliene moves for partial summary judgment that Meeks failed to exhaust his administrative remedies regarding his deliberate indifference claims arising prior to the fall of 2010. For the following reasons, Meeks' motion for reconsideration (ECF No. 106) will be granted and Dr. Suliene's motion for partial summary judgment (ECF No. 94) will be denied.

## BACKGROUND

In 1998, prior to his incarceration, Meeks was shot, and several bullets remained logged in his left leg. Sometime in 2000 while he was incarcerated at Columbia Correctional Institution (CCI), Meeks notified prison staff that he was experiencing pain in his leg. Dr. Bridgewater diagnosed Meeks' condition and recognized that the pain was caused by the lodged bullets. Dr. Bridgewater then performed surgery to remove one of the bullets. It is not altogether clear why the other remaining bullets were not removed during that surgery, but Meeks was told by Dr. Bridgewater that the bullets left in his leg would have to be removed in another surgery. Meeks was also informed that he would continue to experience pain until all the bullets were removed.

Between June 1, 2010, and October 12, 2010, Meeks was incarcerated at the Wisconsin Resource Center (WRC). During the time he resided at the WRC, Meeks was examined by Drs. Monese and Gaanan on several occasions in June and July regarding his complaints about pain in his leg. Meeks informed Drs. Monese and Gaanan that he had bullet fragments in his left leg and that he desired to have them removed. An x-ray was done on Meeks' leg and revealed the lodged bullets; however, Dr. Gaanan decided that there was no need to remove them. Meeks also notified Dr. Monese about the bullets, but according to Meeks, Dr. Monese only told him about the potential risks of such a surgery.

Meeks filed three offender complaints related to the failure of Drs. Monese and Gaanan to remove the bullets: WRC-2010-13613, WRC-2010-13614, and WRC-2010-14590. (DPFOF ¶¶ 30-33, ECF No. 69.) These complaints were consolidated for administrative review and were later dismissed on August 24, 2010. (*Id.* ¶¶ 34-35, 42.) Meeks did not appeal the dismissal. (*Id.* ¶ 43.) Due to Meeks' decision not to appeal the dismissal, I determined that Meeks did not exhaust

his administrative remedies related to his claims against Drs. Monese and Gaanan. (Order 7-9, ECF No. 87.)

Meeks was then transferred from the WRC on October 13, 2010, to the CCI and remained there until January 26, 2011. (PRDPFOF ¶ 3, ECF No. 108.) Meeks again complained to medical staff at CCI about pain in his leg due to the lodged bullets. (*Id.* ¶ 10.) Dr. Suliene examined Meeks on October 27, 2010, and ordered an x-ray, which later revealed the existence of the bullet fragments. (*Id.* ¶ 12.) Meeks saw Dr. Suliene in several follow-up visits in November, continuing to complain of pain in his leg. Dr. Suliene, on November 17, 2010, requested a consultation with Dr. Thomas W. Grossman about removal of the bullet fragments from Meeks' left leg. (DPFOF ¶ 16, ECF No. 84.) Dr. Grossman later removed the bullet fragments. (PRDPFOF ¶ 21, ECF No. 108.) Additionally, Meeks alleges that Dr. Suliene first learned of Meeks' condition in 2008 during an examination, but she did not order an x-ray or conduct any follow-up treatment of Meeks until 2010.

Of primary importance to the issues presented in the parties' motions, Meeks filed an administrative complaint, CCI-2010-22390, on October 26, 2010 (hereinafter "the October Complaint"). Meeks fully exhausted his administrative remedies in regard to the October Complaint. (Def. Reply Br. 1, ECF No. 112.) It is important to note at the outset that the October Complaint was not before the Court during its determination of whether to grant summary judgment in favor of the Defendants.[1] Because Dr. Suliene did not argue that Meeks failed to

---

[1] For clarity, I refer to Drs. Suliene, Monese, and Gaanan collectively as "Defendants," and individually by their names.

3

exhaust his administrative remedies in regard to his claims against her and Meeks did not argue that the October Complaint could form the basis that he did exhaust his administrative remedies as against Drs. Monese and Gaanan, the complaint was not presented as an exhibit during the pendency of that summary judgment motion. (*See* Def. Reply Br. 2 n.2, ECF No. 83; Pl. Br. in Opp'n Exs. 1-2, ECF Nos. 82-1, 82-2.)

Meeks, in the October Complaint, stated:

> This complaint is base[d] on Dr. Suliene won't have the bullet remove[d]. And when I was at W.R.C. which was in 6-17-2010 I also complain and put a complaint in against Dr. Monese who was my [doctor] at W.R.C cause when I ask him to take [the bullet fragment] out he said they have to cut my leg off and then he said I'll bleed [to] death and I ask him how did he know then he replied I used to be [in] surgery. . . . Then I also seen Dr. Gannon [sic] twice asking him could he remove the bullet and right out told me "no." The doctors at W.R.C. refuse to take the bullet out of my leg and the [doctor] here at CCI which is Doctor Suliene.

(October Compl., ECF No. 98-1.)

It is the content of this complaint that forms the basis for Meeks' argument that he successfully exhausted his administrative remedies for his claims against the Defendants. In concluding that Meeks survived summary judgment in relation to his Eighth Amendment deliberate indifference claim against Dr. Suliene, I determined that the recruitment of counsel was warranted.[2] I noted that the record suggested Meeks has a history of mental illness and that the remaining portion of the case involved difficult factual and medical issues beyond the mental capabilities of Meeks to address on his own. (Order 12-13, ECF No. 87.)

---

[2] Prior to my decision to appoint counsel, Meeks moved for and was denied counsel on five occasions. (*See* Order Denying Mot. for Counsel 1-2, ECF No. 55.)

4

**LEGAL STANDARD**

A motion for summary judgment should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Material" means that the factual dispute must be outcome-determinative under law. *Contreras v. City of Chicago*, 119 F.3d 1286, 1291 (7th Cir. 1997). A "genuine" issue must have specific and sufficient evidence that, were a jury to believe it, would support a verdict in the non-moving party's favor. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has the burden of showing there are no facts to support the non-moving party's claim. *Celotex*, 477 U.S. at 322. In determining whether to grant a motion for summary judgment, the court should consider the evidence presented in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255. When the record, taken as a whole, could not lead a rational jury to find for the non-moving party, there is no genuine issue and therefore no reason to go to trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**ANALYSIS**

The foundation for Meeks' claim for relief under § 1983 is the deliberate indifference of the Defendants to his serious medical needs. Due to the nature of ongoing medical conditions, the Seventh Circuit has held that "deliberate indifference to a serious medical need is a continuing violation that accrues when the defendant has notice of the untreated condition and ends only when treatment is provided or the inmate is released." *Jervis v. Mitcheff*, 258 Fed. Appx. 3, 5-6 (7th Cir. 2007) (citing *Heard v. Sheahan*, 253 F.3d 316, 318-19 (7th Cir. 2001)). In the case of *Ellis v.*

*Vadlamudi*, 568 F. Supp. 2d 778 (E.D. Mich. 2008), the district court judge explained the rationale for the doctrine of continuing violations in the context of chronic medical conditions:

> For an acute medical condition, like a heart attack or a diabetic coma, the time of the failure to treat (and therefore the time of the Eighth Amendment violation) can be determined with some precision, and therefore the time limit for filing a grievance can be readily established. Such is not the case for a chronic medical condition that is ignored, or for which treatment is delayed or inadequate. The seriousness of a chronic condition may not become obvious to prison officials until some time passes, and the indifference to that condition—and the resulting pain suffered by the prisoner that equates to the infliction of punishment—may not become manifest until then as well. Such a condition is properly identified as "ongoing," and a grievance that identifies the persistent failure to address that condition must be considered timely as long as the prison officials retain the power to do something about it.

*Id.* at 783-84. In my previous decision on summary judgment, I noted that "it makes sense to view this as a process of treatment occurring over several years rather than individual, isolated incidents (such as a 2008 diagnosis versus a separate 2010 diagnosis)." (Order 11, ECF No. 87.) Even though this statement was made in the context of Dr. Suliene's treatment of Meeks over several years, the broad point remains relevant. Meeks complained of continuing pain from the bullet fragments left in his leg over several years to numerous prison health care staff during his period of confinement. His claim of deliberate indifference stems not from individual isolated incidents, but from the alleged inadequacy of care provided by the Defendants between 2008 and 2010. The critical question as to Drs. Monese and Gaanan is whether prison officials were alerted to a constitutional violation, presented an early opportunity to cure the violation, and whether Meeks exhausted his available administrative remedies.

Meeks argues that the October Complaint cured his "failure to exhaust his grievances against Drs. Monese and Gaanan in the initial WRC Complaint" because the grievance filed in

6

October served to alert state officials and invited corrective action. (Meeks Br. in Supp. of Mot. to Reconsider 3-4, ECF No. 107.) Under the regulations promulgated by the Department of Corrections, an inmate may file a complaint after he has been transferred to a new facility for an alleged violation at the previous facility. Wis. Admin. Code DOC § 310.11(9) ("If an inmate is transferred after an incident but before filing a complaint, the inmate shall file the complaint at the currently assigned institution.").

Because Meeks included the alleged failure of Drs. Monese and Gaanan to treat his medical condition in his October Complaint, and their alleged deliberate indifference constituted a continuing violation so as to make the grievance timely, Meeks argues that he sufficiently exhausted his administrative remedies. Here, it is undisputed that Meeks saw Drs. Monese and Gaanan while he was at the WRC, that he requested removal of the bullet fragments from his leg, and that they refused his request. Therefore, both Drs. Monese and Gaanan had notice of Meeks' medical condition. The alleged inadequacy of the care Meeks received constitutes a claim of deliberate indifference that is a continuing violation. Thus Meeks contends, so long as he filed a grievance that served to alert prison officials of the alleged deliberate indifference by Drs. Monese and Gaanan inviting corrective action, the grievance should be considered timely. *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002) (stating that for a grievance to be sufficient, the complaint must "alert the prison to the nature of the wrong for which redress is sought").

On the merits, Meeks is correct that the inclusion of Drs. Monese and Gaanan and the incidents surrounding the alleged inadequate care provided by the Defendants in the October Complaint serves to provide a basis that Meeks exhausted his administrative remedies. Meeks' October Complaint clearly references the care he received not only from Dr. Suliene, but from Drs.

7

Monese and Gaanan as well. Moreover, Meeks' claims of deliberate indifference should not be viewed as isolated incidents, but as an allegation of inadequate medical care over the course of years by multiple prison healthcare staff members. Thus, the October Complaint did serve to alert prison officials that the care Meeks received from the Defendants at the WRC and CCI was allegedly inadequate and invited corrective action.

Drs. Monese and Gaanan argue that the Court should not entertain Meeks' motion to reconsider because it does not meet the legal threshold for such motions. Specifically, Drs. Monese and Gaanan maintain that motions to reconsider should only be granted to "correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). Prior to the entry of final judgment, however, the court retains the inherent power "to reconsider any portion of its decision and [to] reopen any part of the case." *Marconi Wireless Tel. Co. of Am. v. United States*, 320 U.S. 1, 48 (1943); *see also Cameo Convalescent Ctr., Inc. v. Percy*, 800 F.2d 108, 110 (7th Cir.1986) ("In the absence of statute the phrase the 'law of the case' as applied to the effect of the previous orders on the later action of the court rendering them in the same case, merely expressed the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." (quoting *Messinger v. Anderson*, 225 U.S. 436, 444 (1912))). Insofar as the Court concludes that any portion of its Order of March 28, 2012, was "clearly erroneous and would work a manifest injustice," *Christianson v. Colt Industries Operation Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)), the Court will not decline to reconsider its decision granting summary judgment in favor of Drs. Monese and Gaanan.

8

The October Complaint was not presented before the Court during the pendency of Defendants' motion for summary judgment. While it is true that Meeks could have alerted the Court to the evidence and presented arguments why the October Complaint served as a basis that he exhausted his administrative remedies, I do not find this to be an adequate basis to deny his motion. As previously mentioned, it appears that Meeks suffers from mental illness (Schizo-affective disorder, bipolar type). Meeks opposed Defendants' motion for summary judgment *pro se* without the benefit of counsel. Now that counsel has been appointed to represent Meeks and counsel has alerted the Court that there was evidence showing Meeks exhausted his administrative remedies, I find the grant of summary judgment in favor of Drs. Monese and Gaanan was clearly erroneous and would work a manifest injustice.

Drs. Monese and Gaanan also argue that the October Complaint cannot form the basis for Meeks' exhaustion. They maintain that the October Complaint is limited to Meeks' grievance against Dr. Suliene only and not the care he received while at the WRC. In further support of this argument, they point to DOC § 310.09(1)(e) which requires a complaint to be limited to one issue. Therefore, the October Complaint should be construed to be limited to the single issue of the alleged inadequacy of care provided by Dr. Suliene only. This argument is unconvincing. The October Complaint unmistakably refers to the inadequacy of care not only from Dr. Suliene, but also to the care provided by Drs. Monese and Gaanan. The single issue is Meeks' alleged claim of the deliberate indifference of healthcare staff to a chronic medical condition. The DOC dismissal of Meeks' October Complaint supports this interpretation. There, the ICE dismissed Meeks' October Complaint on the basis that the care he received from Drs. Suliene, Monese, and Gaanan was adequate, (*see* ECF No. 71-4 at 4; ECF No. 98-1 at 7.), not on the basis that Meeks'

9

complaint was not timely or failed to comply with DOC § 310.09(1)(e). *See Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004) ("[W]hen a state treats a filing as timely and resolves it on the merits, the federal judiciary will not second-guess that action, for the grievance has served its function of alerting the state and inviting corrective action.").

Because Meeks included in the October Complaint his allegations that Drs. Monese and Gaanan were deliberately indifferent to a serious medical need, which was a continuing violation, the October Complaint sufficiently alerted prison officials to a constitutional violation and invited corrective action. Furthermore, Meeks exhausted his administrative remedies in regard to the October Complaint. Therefore, my decision granting summary judgment in favor of Drs. Monese and Gaanan on the basis that Meeks failed to exhaust his administrative remedies was incorrect. Finally, I also conclude that because the October Complaint was not presented before the Court prior to my decision to grant summary judgment, Meeks did not have the benefit of counsel, and Meeks suffered from a mental illness that arguably hindered him from adequately presenting the more complex arguments his counsel now makes on his motion for reconsideration, a denial of the motion would work a manifest injustice. Based on the foregoing, Meeks' motion to reconsider will be granted.

I now turn to the merits of Dr. Suliene's motion for partial summary judgment. Dr. Suliene concedes that Meeks exhausted his administrative remedies with respect to his Eighth Amendment claim of deliberate indifference against her. However, Dr. Suliene does not concede that Meeks exhausted his administrative remedies regarding his claims of deliberate indifference for the care Dr. Suliene provided to him prior to October 2010 because those claims are not timely and the continuing violations doctrine does not apply. Dr. Suliene argues in her brief that "Meeks failed

10

to exhaust his available administrative remedies *prior* to the fall of 2010." (Def. Br. in Supp. of SJ 9, ECF No. 95.) In essence, Dr. Suliene contends that any claims of deliberate indifference that began in 2008 when she first became aware of Meeks' medical condition should be barred because Meeks failed to timely file a grievance. Furthermore, the October Complaint should be construed as being limited to Meeks' allegation of deliberate indifference arising out of the care he received by Dr. Suliene in the fall of 2010, not the care he received previously.

Dr. Suliene's arguments are unpersuasive. First, Dr. Suliene does not address Meeks' arguments about why the continuing violations doctrine applies under the facts presented in this case. (*See* Def. Reply Br. 1, ECF No. 112.) As previously discussed, Meeks' claim of deliberate indifference to a serious medical need is a continuing violation and began to accrue when Dr. Suliene first knew about the condition and allegedly failed to provide adequate care. *See Ellis*, 568 F. Supp. 2d at 784-85 (holding that plaintiff exhausted his claim of deliberate indifference alleging a continuing violation of inadequate medical care). Thus, based on the continuing violations doctrine, the October Complaint was timely. Furthermore, as noted in Dr. Suliene's brief, the ICRS addressed Meeks' complaint on the merits and did not dismiss the complaint on the basis that Meeks failed to timely file. Thus, Dr. Suliene's timeliness argument was waived when the ICRS decided the issue on the merits. *Riccardo*, 375 F.3d at 524.[3]

In addition, Dr. Suliene's treatment of Meeks in 2008 is highly relevant to the issue of deliberate indifference and his inclusion of the alleged inadequacy of the treatment he received at

---

[3] In addition, the statute of limitations would not serve as an alternative ground to bar Meeks' claim due to the application of the continuing violations doctrine. *See Jervis*, 258 Fed. Appx. 3, at * 2 ("The statute of limitations commences anew every day that treatment is withheld . . . so in this case it does not matter whether [the plaintiff] sued more than two years after he saw [the defendant] for the first and only time.").

11

that time in the October Complaint served to alert prison officials of a violation. *See Poullard v. Blanco*, No. Civ.A. 05-1019-P., 2006 WL 1675218, at *8 (W.D. La. Jun. 9, 2006) ("Plaintiff is not barred from presenting allegations or evidence with respect to aspects of that care before or after he filed the grievance if those facts are related to the alleged ongoing problem with obtaining proper medical treatment for the condition."). Meeks referenced the prior care provided by Dr. Suliene in his October Complaint stating "I been asking Dr. Suliene could she have the bullet remove[d] plenty of times when I first seen her . . . ." (October Compl., ECF No. 98-1.) Construing the October Complaint liberally, it is clear that Meeks filed a grievance alleging a claim of deliberate indifference to a serious medical need by Drs. Suliene, Monese, and Gaanan over the course of several years beginning in 2008. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" (citation omitted)); *see also Maddox v. Love*, 655 F.3d 709, 721-22 (7th Cir. 2011). Deliberate indifference to a serious medical need is a continuing violation and the October Complaint timely alerted prison officials to a violation and invited corrective action. The alleged violation arguably began in 2008 when Dr. Suliene first learned about Meeks' condition. And Meeks exhausted his available administrative remedies regarding the October Complaint. Therefore, I conclude that Meeks exhausted his claim of deliberate indifference arising in 2008 as to Dr. Suliene and her motion for partial summary judgment must be denied.

## CONCLUSION

For the foregoing reasons, Meeks' motion for reconsideration (ECF No. 106) is **GRANTED**. Consequently, the portion of my order granting summary judgment in favor of Drs.

12

Monese and Gaanan (ECF No. 87) is **VACATED**. Dr. Suliene's motion for partial summary judgment (ECF No. 94) is **DENIED**. The Clerk shall set this matter on the court's calendar for a telephone status conference with counsel.

Dated this   29th  day of November, 2012.

                                  s/ William C. Griesbach
                                  William C. Griesbach, Chief Judge
                                  United States District Court