UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERRY J. MEEKS,

        Plaintiff,

v.                                                      Case No. 11-C-54

DR. DALIA SULIENE, et al.,

        Defendants.

## DECISION AND ORDER

On January 19, 2011, Jerry Meeks filed a claim pursuant to 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his medical needs. On March 20, 2013, Meeks, who was represented by counsel, and the defendants participated in a mediation before Magistrate Judge Sickel and came to an agreement. That agreement was placed on the record. ECF No. 126. The case was dismissed on March 23, 2013, but the Court retained exclusive jurisdiction to enforce the settlement agreement. ECF No. 130.

From January through November 2014, Meeks filed *pro se* motions to the Court, alleging that there was a breach of the settlement agreement. During a January 2014 status conference, Meeks' attorney informed the court that all of the state's obligations to Meeks under the settlement agreement, including its monetary payments, had been completely satisfied and Meeks had received the complete amount. ECF No. 133. Therefore, the Court noted that his case was closed and that there was no further relief available. *Id*. The Court expressed that if Meeks continued to file *pro se* motions alleging he was entitled to more money, the future filings would be returned by the Clerk unfiled.

Since September 2017, Meeks has filed four letters and two motions pertaining to this perceived difference in payment. ECF Nos. 143–147, 149. Meeks alleges that the settlement was actually for several thousand dollars more than the amount he received.[1] Now before the Court is Meeks' most recent motion, which moves the Court to unseal the hearing and order the defendants pay Meeks several thousand dollars more than he has already received. This motion is denied.

The Court has reviewed the record of the settlement agreement and the January 24, 2014 hearing, during which Meeks' attorney states that the defendants have completely satisfied all of their obligations, including the entire monetary payment. ECF No. 133. Based on the foregoing, the Court is satisfied that the amount Meeks claims he has already received is the agreed upon amount from the settlement. Meeks is not entitled to any additional payment and his motion is denied.

**Furthermore, any future filings pertaining to the settlement agreement for Meeks' case (No. 11-C-54) will be deemed frivolous. If Meeks continues to file letters or motions pertaining to his closed case or the settlement agreement, he may be subject to sanctions, like an order restricting him from filing and instructing the Clerk to return unfiled any future filings pertaining to his settlement agreement.** *See, e.g., Support Sys. Int'l v. Mack*, 45 F.3d 185 (7th Cir. 1995); *Alexander v. United States*, 121 F.3d 312, 316 (7th Cir. 1997); *United States v. Minneman*, Nos. 97-2614 & 97-2676 (7th Cir. Dec. 15, 2006).

**IT IS THEREFORE ORDERED** that Meeks' Motion (ECF No. 149) is **DENIED**.

Dated this   23rd   day of February, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

---

[1] Because the record of the settlement agreement was made under seal, the Court will not disclose the amounts agreed upon by the parties.

2